# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY BRADLEY PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00843-SNLJ |
| | ) | |
| ST. LOUIS CITY POLICE DEPARTMENT | ) | |
| FOURTH DISTRICT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Jeremy Bradley Pearson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.98. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint on a Court-provided form.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of the instant motion, plaintiff submitted an affidavit and a certified inmate account. (Docket No. 5). The certified inmate account statement showed an average monthly deposit of $9.92. The Court will therefore assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under 42 U.S.C. § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper

legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is currently an inmate at Algoa Correctional Center in Jefferson City, Missouri. He brings this complaint pursuant to 42 U.S.C. § 1983. His complaint names the St. Louis Police Department 4th District and Unknown Arresting Officer as defendants.

Plaintiff states that on June 30, 2016, while in St. Louis City, he approached two individuals and "attempted to deprive one of personal belonging[s]." (Docket No. 1 at 4). Afterward, plaintiff fled on foot, before being apprehended by two male civilians. He states that upon apprehension, he waited "without contest" until the 4th District police arrived.

According to plaintiff's complaint, the arresting officer immediately placed plaintiff in handcuffs upon arrival. The arresting officer also questioned plaintiff about the location of the personal belongings he had taken. Plaintiff states he did not answer this question. He alleges that the arresting officer then lifted up on the handcuffs, causing plaintiff pain. While doing so, plaintiff claims the arresting officer again asked him the location of the personal belongings he had taken. Plaintiff states that he responded that he did not have the belongings, whereupon the officer lifted up some more on the handcuffs. This again caused plaintiff pain, and he again told

3

the officer "I don't have it." At this point, plaintiff alleges that the arresting officer "practically lifted me off the ground by my handcuffs." Plaintiff states he was already on his tiptoes from the strain. He alleges that he screamed from the pain and heard a loud "pop." He claims he told the arresting officer that the officer had dislocated his shoulder. Plaintiff asserts that the officer responded by laughing sarcastically and saying: "Yeah I did, you piece of s—t [h]eroin addict."

Plaintiff states he was taken to Barnes Jewish Hospital where x-rays were taken. He alleges that his shoulder was broken and torn in two places. He further claims he sustained a torn rotator cuff. As a result of this injury, plaintiff states that he is scheduled to have shoulder surgery.

Plaintiff alleges that the arresting officer "took the law into his own hands" and violated his *Miranda* rights by questioning him by force. He also accuses the arresting officer of causing serious bodily harm to him while he was in handcuffs. Plaintiff seeks compensatory damages for the costs of his injury, as well as $1,500,000 in punitive damages. (Docket No. 1 at 5).

**Discussion**

As noted above, plaintiff has named two defendants in his complaint. First, he is suing the St. Louis Police Department 4th District in its official capacity. Second, he is suing Unknown Arresting Officer in his individual capacity. For the reasons discussed below, plaintiff will be directed to file an amended complaint on a Court-provided form.

**A. Defendant St. Louis Police Department 4th District**

Plaintiff's claim against defendant St. Louis Police Department is legally frivolous, because it is not a legal entity that can be sued pursuant to § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that entities such as police departments are subdivisions of city government, and "not juridical entities, suable as such"); *Owens v. Scott*

4

*Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("[C]ounty jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (stating that sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). The St. Louis Police Department is a department of the municipality of St. Louis, and not a distinctly suable entity.

Even if the Court were to construe the complaint as one against the municipality of St. Louis, and substitute it as the defendant, plaintiff still fails to state a claim. Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). Thus, there are three ways in which a plaintiff can demonstrate municipal liability. Here, however, plaintiff has not alleged any facts regarding an official policy, unofficial custom, or a failure to train or supervise. Because plaintiff has filed pro se, he will be given thirty days to amend his complaint in order to bring any municipal claim he has, if any, against the appropriate defendant.

**B. Defendant Unknown Arresting Officer**

Plaintiff alleges that defendant Unknown Arresting Officer used excessive force against him in effectuating plaintiff's arrest.[1] "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 2018 WL 3322315, *2 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); and *Wilson v. Spain*, 209 F.3d 713,

---

[1] Plaintiff's complaint mentions a violation of his *Miranda* rights, though he does not allege that he made any incriminating statements. Plaintiff is free to make such allegations; however, such a claim would be subject to dismissal if plaintiff has already pleaded guilty. *See Class v. United States*, 138 S.Ct. 798, 805 (2018) (explaining that "a valid guilty plea forgoes not only a fair trial, but also other accompanying constitutional guarantees," including "the privilege against compulsory self-incrimination").

5

715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

The issue with plaintiff's complaint is that it does not identify the arresting officer by name. Moreover, he provides no characteristics of the arresting officer, aside from the allegation that he is employed by the St. Louis Police Department. Generally, it is impermissible to name fictitious parties. *See Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Here, though, it seems that plaintiff should be able to determine the officer's identity without undue difficulty. The Court notes that plaintiff was charged in Missouri state court with 2nd degree robbery, 3rd degree assault, and resisting arrest. His criminal case was docketed as *State v. Pearson*, 1622-CR02911-01, and it appears plaintiff was provided with a defense attorney.[2] Indeed, plaintiff acknowledges in his complaint that he had a defense attorney in his state-court case. Thus, plaintiff should be able to ascertain the identity of the arresting officer, either through contact with his attorney, or by requesting and reviewing his case file. Accordingly, plaintiff will be ordered to amend his complaint, and will be given thirty days to ascertain the identity of the arresting officer he wishes to sue.

C. **Directions for amending complaint**

Plaintiff should type or neatly print the amended complaint, and use the Court-provided form as before. Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should select the claim(s) he wishes to pursue, and limit the factual allegations to

---

[2] Plaintiff's case was retrieved from Missouri Case.net, which is the Missouri state courts automated case management system. The Court takes judicial notice of this public state record. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

only the defendant(s) who were actually involved. If plaintiff names more than one defendant, he must assert only claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may name one single defendant and bring as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both.[3]

In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue. The title of the complaint must name all of the parties that plaintiff intends to sue. *See* Fed. R. Civ. P. 10(a).

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow this same procedure for each defendant.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not re-alleged are deemed abandoned. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff does not file an amended complaint within thirty days of the date of this Order, this action will be dismissed without prejudice.

**D. Plaintiff's motion to appoint counsel**

Plaintiff has filed a motion to appoint counsel (Docket No. 4). "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). *See also Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) ("In civil cases, there is no constitutional or statutory right to appointed counsel…Rather a court may

---

[3] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

request an attorney to represent any person unable to afford counsel"). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors, such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint that complies with the terms of this Order and the Federal Rules of Civil Procedure within **thirty (30) days** from the date of this Order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail plaintiff a copy of this Order, as well as a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED** at this time.

Dated this 6th day of August, 2018.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE