UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY BRADLEY PEARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18cv843 SNLJ |
| | ) | |
| JOSEPH MORRELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

This matter is before the Court on several pending motions. Plaintiff Jeremy Pearson, *pro se*, claims that his constitutional rights were violated during an arrest by St. Louis police officers in 2016. He claims that, upon being apprehended for an attempted robbery, the officers tried to coerce him into explaining the whereabouts of stolen items by lifting up on his handcuffed hands until plaintiff's shoulder "popped." Plaintiff alleges he was taken to Barnes Jewish Hospital where it was determined that his shoulder was broken and torn in two places.

The parties are currently engaged in discovery.

**I.  Plaintiff's "memoranda" to the Court and other correspondence**

In addition to the five motions to compel filed by plaintiff since May 2019, plaintiff has filed at least six documents that are styled as letters, memoranda, a response to Court memorandum, or have no title at all. (*E.g.*, #52, #57, #59, #61, #65.) Federal Rule of Civil Procedure 7(b) requires that a "request for a court order must be made by

1

motion." Plaintiff's letters and "memoranda" are not motions, and the Court cannot grant relief on these documents. The Court also notes that, in at least one memorandum to the Court, plaintiff asks this Court to "investigate" his case. (#59.) The Court cannot investigate plaintiff's case.

With respect to plaintiff's questions about taking depositions, plaintiff must comply with the Federal Rules of Civil Procedure, and he is also responsible for arranging for and paying for the court reporter to read the deposition questions and record the answers. Rule 31 provides more procedural steps. To the extent plaintiff plans to arrange for a deposition by written question, he must notify the defendant as required in Rule 31.

Finally, the Court notes that plaintiff sent a letter to the Clerk of the Court with questions about discovery procedures (#67). Although plaintiff may correspond with the Clerk seeking, *e.g.*, information regarding the docket sheet or blank subpoena forms, the Clerk is unable to assist plaintiff with discovery questions. Plaintiff's questions about how to obtain documents produced to the defendant are best directed to defense counsel. Plaintiff may write to defense counsel; thus, any ability to make phone calls to counsel is unnecessary.

II.     **Plaintiff's motion for extension (#58)**

Plaintiff filed a "motion for extension of time – discovery" (#58). The motion explains that plaintiff now has institutional support for his litigation and has access to paper, pens, stamps, envelopes, and phone calls. He says: "I ask the court to entertain if, need be, a Motion for Extension of Discovery, if I request it in the future." The Court

will entertain motions as they are filed. Because this motion does not actually seek relief in the form of an extension of time, the Court will deny it. Should plaintiff need to seek such relief in the future, the Court will entertain the motion for good cause. However, as explained below, the remaining deadlines will be extended on the Court's own motion.

### III.   Defendant's motion to compel (#51)

Defendant filed a motion to compel plaintiff to serve his initial disclosures as required by this Court's Case Management order. Defendant states that the disclosures were due by February 19 or 21, 2019, but, as of May 10, defendant had not received them.

Plaintiff responds that he served his initial disclosures. He states that he has not received information from some of his subpoenas. He says he does have a "declaration" from his public defender, who apparently defended plaintiff in the criminal matter that underlies this case, but he wants to know if he must disclose it to the defendant. He also asks if he must generally produce documents that come into his possession after he submitted his initial disclosures. Federal Rule of Civil Procedure 26 governs initial disclosures, and it requires that a party

> must supplement or correct its disclosure or response…in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1)(A). Plaintiff wants to withhold the "declaration" he received from his public defender until the "defendant and other parties adhere to [his discovery] Requests." This is not permitted.

3

Notably, plaintiff attached a copy of the disclosures he says he served on defense counsel, and defendant did not file a reply memorandum. Defendant also did not include in his motion a "certification that the movant has in good faith conferred or attempted to confer with the" plaintiff. Fed. R. Civ. P. 37(a)(1). In light of this failure, the Court must deny defendant's motion. However, plaintiff is advised that he is required to follow the Federal Rules of Civil Procedure, which requires supplementing discovery responses. *See* Fed. R. Civ. P. 26. <u>He may not intentionally withhold any documents</u>.

## IV. Plaintiff's motion to compel (#60)

Plaintiff states that he sent interrogatories for defendant to defense counsel in February, but that defendant had not responded. Defendant responds that the interrogatories have been answered and served on plaintiff. Although plaintiff quibbles with the timing of the responses, he ultimately argues in his reply memo that defendant did not properly answer his Interrogatory No. 5, which states:

> Please describe in as much detail as possible the complete circumstances surrounding your use of force against the plaintiff, Jeremy B. Pearson, on June 30, 2016.

Defendant responded by referring to the police report involving the incident. Plaintiff objects that the police report was authored by non-party officer Dereck Green and his therefore Officer Green's account, not defendant's. The Court holds that defendant's response is sufficient for now; however, the defendant will supplement his responses if necessary pursuant to Rule 26.

Next, plaintiff states that defendant did not answer the written deposition questions he sent. The Court explained above why plaintiff's written deposition questions are deficient.

Plaintiff also contends that defendant has wrongfully returned interrogatories addressed to non-party Officer Green unanswered. As this Court has previously explained, plaintiff may not send interrogatories to non-parties.

Plaintiff's motion to compel will be denied.

**V.      Plaintiff's motions to compel third parties (#54, #55, #56, #66)**

Plaintiff filed two "motions to compel" against his former public defender, third party Matt Waltz (#54, #66), and a "motion to compel" each against third parties Barnes Jewish Hospital and Corizon Health Services (#55, #56). Plaintiffs states that he sent subpoenas to these third parties seeking documents but that he has not yet received any response.

It appears, however, that the plaintiff has not properly served subpoenas on the third parties. The Clerk sent the blank subpoenas to plaintiff with instructions to "fill them out and return to the Court for service." It does not appear that plaintiff followed those instructions.

The discovery period closes on August 21, 2019. In light of plaintiff's apparent mistake with the service of his subpoenas, the Court will extend the Case Management Order deadlines as follows:

Discovery shall be completed by November 21, 2019.

Dispositive motions shall be filed by December 20, 2019.

The Clerk will also send the plaintiff blank subpoena forms. Plaintiff will fill them out as appropriate and return the forms to the Clerk for service. Plaintiff may not serve the forms himself.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension (#58) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to compel (#51) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (#60) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to compel third parties (#54, #55, #56, #66) are **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall send plaintiff blank subpoena forms and that plaintiff shall fill out and return those forms to the Clerk for service.

**IT IS FINALLY ORDERED** that the case management deadlines are revised as follows: Discovery shall be completed by November 21, 2019. Dispositive motions shall be filed by December 20, 2019.

Dated this __22nd__ day of July, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE