UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEREMY BRADLEY PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18cv843 SNLJ |
| ) | |
| JOSEPH MORRELL, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM and ORDER

This matter is before the Court on numerous pending motions. Plaintiff Jeremy Pearson claims that his constitutional rights were violated during an arrest by St. Louis police officers in 2016. He claims that, upon being apprehended for an attempted robbery, the officers tried to coerce him into explaining the whereabouts of stolen items by lifting his handcuffed hands until plaintiff's shoulder "popped." Plaintiff alleges he was taken to Barnes Jewish Hospital where it was determined that his shoulder was broken and torn in two places. Plaintiff later pleaded guilty to resisting arrest and was sentenced to prison.

Plaintiff has served several subpoenas on third parties. It appears he has received responses from some subpoenas but not others, and he moves to compel compliance with the subpoenas directed to the City of St. Louis (#83), his criminal defense attorney Matthew Waltz (#84, #88), Corizon, Inc. (#87), Barnes Jewish Hospital (#89), and the St. Louis Law Department (#90, #95).

1

**Motion to Compel Matthew Waltz (#84, #88)**

Plaintiff served a subpoena on his former criminal defense attorney who represented plaintiff in the matter for which he was arrested. Matthew Waltz was served on September 3, 2019 by a Deputy United States Marshal. The Court will order Mr. Waltz to show cause why he has not responded to plaintiff's request for documents.

**Motion to Compel City of St. Louis (#83)**

Plaintiff served a subpoena on the City of St. Louis, Department of Public Safety. The City responded to plaintiff, objecting to responding to the subpoena because it commands production of documents more than 100 miles away. Federal Rule of Civil Procedure 45(c)(2)(A) states that a subpoena may command production of documents within 100 miles. The Court is skeptical, however, that the geographical limitation applies where, as here, the person or entity responding to the subpoena need not appear in person at the place of production. *See* Fed. R. Civ. P. 45(d)(2)(A) ("a person commanded to produce documents ... need not appear in person at the place of production ... unless also commanded to appear for a deposition, hearing, or trial."); *United States v. Brown*, 223 F. Supp. 3d 697, 703 (N.D. Ohio 2016); *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009).

Regardless, the City also points out that the defendant is a police officer employed by the City's Police Department, which is a division of Department of Public Safety, and that the request should have been made not via subpoena, but through an ordinary discovery request made to a party. In fact, the City states that it is assembling the records

2

that are the subject of the and will forward them to defense counsel.  This Court presumes that defense counsel will then forward the documents to plaintiff.

Plaintiff argues that he has made the same document requests to defense counsel and that they have been rejected as vague and ambiguous.  Because the City has indicated that it is providing its responses to defense counsel, the Court will order defendant to advise the Court as to the status of this production.

**Motion to Compel St. Louis Law Department (#90)**

Next plaintiff moves to compel the "St. Louis Law Department" to produce the "digital in-car video of Marked Patrol Vehicle 2431 and Marked Patrol Vehicle of Sergeant Berner 3422 of the event and day of Thursday, June 30, 2016 and all other responding vehicles in (3) three different requests for production."  Plaintiff says he has been "unsuccessful in obtaining the evidence from Defense Counsel."  He says he has listened to some recordings that were apparently provided by defendant, but plaintiff is certain that the recordings are not the recordings he seeks.

Defendant responds that "Defendant does not possess in-car camera video of events alleged in the complaint."  It is unclear whether defendant means he personally does not possess the in-car camera video, or whether he means that it does not exist.  Other communications to plaintiff from the St. Louis Law Department state that defendant is employed by the City Police Department and discovery is properly addressed to the Police Department.  The Court will order defendant to clarify to the Court and to plaintiff whether this video exists.  It is impossible to know from defendant's discovery responses.

3

**Motion to Compel Barnes Jewish Hospital (#89)**

Plaintiff served a subpoena on non-party Barnes Jewish Hospital ("Barnes") seeking documents. It appears that Barnes responded to the subpoena, but plaintiff complains that they did not include the x-ray he needs to support his claims. Plaintiff also complains Barnes did not include documentation regarding the ambulance that transported plaintiff to Barnes. Plaintiff seeks the "date, place/location and time of the ambulance to pickup plaintiff, to deliver[] plaintiff [to Barnes]," "the ambulance identity/number and the names…of the driver and passengers who transported plaintiff." It is not clear Barnes has the ambulance-related information plaintiff seeks. Further, plaintiff has not explained how this information is relevant to his claim of excessive force—the documentation of his injuries does not require this Court to view his x-ray, this Court is not qualified to read plaintiff's x-ray, and, even if Barnes has information about the ambulance, plaintiff has made no showing of how it will lead to the discovery of admissible evidence relevant to his case. The motion is denied.

**Motion to Compel Corizon, Inc. (#87)**

Plaintiff served a subpoena on prison medical provider Corizon, Inc., seeking documents that pertain to his shoulder injury obtained June 30, 2016. He complains that, although Corizon answered the defense counsel's request for documents concerning plaintiff's medical history from August 2017 to August 2019, Corizon did not answer his subpoena. The Court will order Corizon to show cause why it has not responded to plaintiff's subpoena.

**Motion to Amend Complaint (#85)**

Plaintiff also filed a motion to amend his complaint (#85) on November 6, 2019. The amended complaint seeks to add six new defendants and a claim related to an "unofficial custom" of the St. Louis Police Department that resulted in violation of plaintiff's constitutional rights related to use of excessive force. Defendant did not respond to the motion. The events giving rise to this matter happened in 2016. Plaintiff filed his complaint two years after that, in 2018. The Court's Case Management Order states that all motions for joinder of parties or amendment of pleadings shall be filed not later than February 21, 2019. Plaintiff states in his proposed amended pleading that he has regained memories with the help of his therapist, and he suggests those are the basis for his new claims. The proposed amendment was filed months after the deadline and years after the incident, however. The Court will deny plaintiffs' motion to amend at this late date. *See Walker v. Owens*, 1:14CV131 SNLJ, 2016 WL 67666, at *1 (E.D. Mo. Jan. 6, 2016) (denying belated motion to amend to add two defendants whose names were previously unknown to plaintiff in excessive force case).[1]

**Motion for Extension of Discovery and Time to Respond (#86, #99)**

Plaintiff next seeks an extension of time for discovery while he awaits further document productions from the third parties described above. He also, in a separate motion, seeks additional time to respond to the defendant's motion for summary judgment while he attempts to obtain evidence to support his claims. The motions will be

---

[1] Even if the Court were inclined to allow the amendment, plaintiff's hodgepodge of new defendants appear only tangentially related to the use of force.

granted. Plaintiff will be allowed until March 1, 2020 to complete discovery and until April 1, 2020 to file his response to defendant's motion for summary judgment.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motions for extension of time (#86) and for "Rule 56(f) continuance" (#99) are GRANTED, and plaintiff will be allowed until March 1, 2020 to complete discovery and until April 1, 2020 to file his response to defendant's motion for summary judgment.

IT IS FURTHER ORDERED that plaintiff's motions to compel Matthew Waltz (#84, #88) are GRANTED in part in that Mr. Waltz shall be ordered, by separate order sent to Mr. Waltz with a copy of this memorandum and order, to show cause why he has not responded to plaintiff's subpoena.

IT IS FURTHER ORDERED that plaintiff's motion to compel the City of St. Louis (#83) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to compel the St. Louis Law Department (#90) is GRANTED in part in that the Court will order defendant to clarify whether the video in question exists.

IT IS FURTHER ORDERED that plaintiff's motion to compel Barnes Jewish Hospital (#89) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to compel Corizon, Inc. (#87) is GRANTED in part in that Corizon shall be ordered, by separate order sent to Corizon with a copy of this memorandum and order, to show cause why it has not responded to plaintiff's subpoena.

IT IS FINALLY ORDERED that the defendant shall, by February 3, 2020, file a memorandum with the Court advising as to the status of the production of documents referred to in plaintiff's motion to compel the City of St. Louis (#83) and to advise whether the video referred to in plaintiff's motion to compel the St. Louis Law Department (#90) exists.

Dated this  15th  day of January, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE