UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **JEREMY BRADLEY PEARSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 4:18cv843 SNLJ |
| | ) | |
| **JOSEPH MORRELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM and ORDER**

This Memorandum and Order addresses numerous pending motions. Plaintiff Jeremy Pearson, *pro se*, claims that his constitutional rights were violated during an arrest by St. Louis police officers in 2016. He claims that, upon being apprehended for an attempted robbery, the officers tried to coerce him into explaining the whereabouts of stolen items by lifting his handcuffed hands until plaintiff's shoulder "popped." Plaintiff alleges he was taken to Barnes Jewish Hospital where it was determined that his shoulder was broken and torn in two places. Plaintiff later pleaded guilty to resisting arrest and was sentenced to prison.

**I.    January 15, 2020 Memorandum & Order**

On January 15, 2020, this Court addressed numerous motions filed by the plaintiff [#106]. It appears that, although that Memorandum addressed and denied plaintiff's motion to amend [#85], it was inadvertently omitted from the Court's Order. That motion will be formally denied below.

Next, the Court addressed plaintiff's "motion to compel" [#90] the St. Louis Law Department to produce video recordings from the patrol cars. Another motion to compel, Doc. #95, appears to relate to the same subject matter and was discussed with Document No. 90. However, it appears that Doc. #95 also seeks the dispatch recording from the events at issue in plaintiff's lawsuit. Defendant responded that the relevant recordings were provided to plaintiff. Plaintiff's motion to compel [#95] will be denied.

## II.   Discovery Matters

Plaintiff has filed several additional discovery-related motions.

### A.   Motions regarding the depositions of witnesses

Plaintiff filed two motions asking this Court to investigate whether the depositions of witnesses Megan Buttice and Ceara Hale are authentic. Plaintiff states that the court reporter did not sign the deposition transcripts. He also argues that the depositions are "nonsense" and that Ms. Buttice's account of the events does not corroborate with the police report. Notably, Ms. Buttice stated in her deposition that she had no significant disagreement with the police report. Further, plaintiff's complaints regarding any discrepancies are minor and irrelevant to plaintiff's claims against defendant Morrell. Although plaintiff appears to believe that witnesses Buttice and Hale are in a conspiracy with the defendant to "cover up" misdeeds, or that the depositions were wholly invented by defendant, these fantastical theories are entirely unsupported. The two witnesses were the victims of the robbery that plaintiff admits he committed, and any minor inconsistencies may be explained by the passage of three years and the trauma of the event. This Court has read the depositions, the police report, and the criminal court

file, and nothing in them—including the absence of the court reporter's signature—suggests any wrongdoing by the defendant or his counsel. Plaintiff's motions [#105, #116] are denied.

### B.     Motion to Compel Barnes Jewish Hospital [#114]

Next, plaintiff moves to compel non-party Barnes Jewish Hospital for a copy of his x-ray from the relevant night. He states he needs the x-ray to oppose defendant's summary judgment motion. This is the second motion to compel plaintiff has filed against Barnes. This Court denied the first motion in its January 15, 2020 memorandum and order, and this Court denies this second motion for the same reasons.

### C.     Motion to Compel Defendant [#120]

Plaintiff moved to compel certain discovery responses from defendant. Defendant responded that he has complied with the motion, and plaintiff has not stated otherwise. The motion will thus be denied as moot.

### III.    Defendant's Motion for Summary Judgment and Related Motions [#91, #124, #126]

Plaintiff's only surviving claim in this matter is for excessive force against defendant police officer Joseph Morrell in his individual capacity. Plaintiff claims that defendant used excessive force when, while arresting plaintiff, defendant used a hold that broke plaintiff's arm. Defendant moved for summary judgment, and plaintiff has filed memoranda in response. Plaintiff also moved to amend his response memorandum [#124], and defendant moved to strike plaintiff's surreply [#126].

### A.     Factual Background

Plaintiff's complaint sets out most of the relevant facts.  He alleges that on June 30, 2016, he approached two women and demanded one woman's purse.  He attempted to flee on foot when he was apprehended two male bystanders.  Although plaintiff's complaint does not divulge it, plaintiff injured both women:  he pulled out the hair of one, and punched both women in the face.  Plaintiff alleges that when the bystanders caught up with him, he was apprehended "without contest," but other evidence suggests he was restrained and beaten by the bystanders in order to keep him from escaping while the police responded.  Plaintiff alleges that, after police arrived, defendant police officer Morrell, in order to determine the location of the purse, grabbed him by his handcuffs and pushed upwards on the handcuffs until plaintiff's shoulder broke.

Defendant Morrell's version of the events, and testimony of the two victims, support that plaintiff resisted arrest when the police arrived.  Indeed, plaintiff later pleaded guilty to resisting arrest, assault, and robbery, and he is currently in prison for those crimes. Witness testimony supports that plaintiff was acting erratic, and blood tests showed that plaintiff was under the influence of multiple controlled substances at the time of his arrest.

Before moving to the merits, the Court will grant plaintiff's motion to amend his summary judgment response [#124] in the interests of justice.  Plaintiff filed a "surreply" [#125] at the same time that he filed the "motion to amend."  Although plaintiff also filed a response memorandum with his motion to amend, it appears that the surreply also attempts to address certain procedural and substantive deficiencies identified in

4

defendant's reply memorandum.  Again, in the interests of justice, the Court will accept the surreply and deny defendant's motion to strike [#126].

### B. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir.1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. "A dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Herring v. Canada Life Assur. Co.,* 207 F.3d 1026, 1030 (8th Cir. 2000) (quoting *Anderson,* 477 U.S. at 248). A party resisting summary judgment has the burden to designate the specific facts that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. *Armour and Co., Inc. v. Inver Grove Heights,* 2 F.3d 276, 279 (8th Cir. 1993).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Matsushita,* 475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chemical Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). (emphasis added).

With these principles in mind, the Court turns to the discussion.

**C.      Discussion**

Plaintiff claims that defendant used excessive force, resulting in plaintiff's broken shoulder, when defendant arrested plaintiff. "The right to be free from excessive force is a clearly established right under the Fourth Amendment's prohibition against unreasonable seizures of the person." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (quoting *Guite v. Wright*, 147 F.3d 747, 750 (8th Cir. 1998)). "The force employed by an officer is not excessive, and thus not violative of the Fourth Amendment, if it was objectively reasonable under the particular circumstances." *Cook v. City of Bella Villa*, 582 F.3d 840, 849 (8th Cir. 2009) (internal quotation omitted). "This reasonableness analysis requires us to evaluate the totality of the circumstances, including the severity of the crime, the danger the suspect poses to the officer or others, and whether the suspect is actively resisting arrest or attempting to flee." *Id.*

Defendant argues he is entitled to summary judgment because (1) *Heck v. Humphrey*, 512 U.S. 477 (1994) bars plaintiff's claim, (2) Missouri's collateral estoppel

6

law bars his claim, and (3) the record entirely contradicts plaintiff's version of events and supports that defendant did not use excessive force.

First, defendant argues that *Heck* bars plaintiff's claim. In *Heck*, the Supreme Court said:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487. Defendant points out that plaintiff's allegation that he was not resisting arrest is antithetical to the fact that plaintiff pleaded guilty to resisting arrest.[1] However, "there is no inherent conflict between a conviction for resisting arrest or harassment of a police officer and a finding that the police officers used excessive force in effectuating the arrest." *Colbert v. City of Monticello, Ark.*, 775 F.3d 1006, 1007–08 (8th Cir. 2014) (quoting *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000)). This Court already held that plaintiff's claim is not *Heck*-barred [#17 at 10 n.1], and nothing in the record suggests a different ruling now.

Second, defendant argues that Missouri's collateral estoppel rule prevents a criminal defendant from asserting contrary arguments in subsequent civil litigation.

---

[1] Plaintiff admits he pleaded guilty to resisting arrest, but he argues he was forced to do so. Unfortunately for plaintiff, this action is not the appropriate forum in which to contest that guilty plea.

7

> Before giving preclusive effect to a prior adjudication under collateral estoppel principles, the Court must consider four factors: (1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*James v. Paul*, 49 S.W.3d 678, 682 (Mo. *banc* 2001). In *Hall v. Young*, for example, the plaintiff was barred from asserting in his excessive force lawsuit that he had not provoked or threatened the defendant officer because he had pleaded guilty to resisting arrest. 14-03379-CV-S-JTM, 2015 WL 1524490, at *7 (W.D. Mo. Apr. 2, 2015). Here, plaintiff pleaded guilty to resisting arrest. Collateral estoppel prevents plaintiff from now asserting that he did not resist arrest. At the same time, as with this Court's decision regarding *Heck*, the fact plaintiff resisted is not conclusive here.

The fact that plaintiff cannot now claim he did not resist arrest does support defendant's third argument, which is that the record contradicts plaintiff's version of events. The underlying premise of plaintiff's case is that he did not give the police any reason to use force. Plaintiff alleges that he did not resist, that he was peacefully detained by bystanders and arrested by defendant, and that the defendant officer, without justification, raised up plaintiff's arm until his shoulder broke. However, he pleaded guilty to felony resisting arrest "by using physical force," and he is bound by that admission. All in all, there is little evidence to support that defendant's use of force was unreasonable under the circumstances. Witnesses observed that plaintiff acted as if he were under the influence of drugs, and, indeed, blood tests later revealed he was under

8

the influence of illegal drugs including cocaine, cannabinoids, and barbiturates. The witnesses explained that plaintiff pulled out one victim's hair, and he hit the other victim in her face. Then plaintiff escaped down an alley and was pursued by bystanders and pinned against a fence until police arrived. The witness testified that he was acting "wild," "crazy," and "erratically," swinging his arms, screaming, and fighting with the bystanders. After police arrived, the victim said plaintiff was "whaling his arms, like trying to fight back" when the police "pinned him down" and put "him in cuffs behind his…back," and then "put him in his car." The witness also observed that the police "did a good job in controlling somebody who was acting crazy like he was for sure." That evidence supports that the defendant officer had to use significant, but not unreasonable, force to subdue plaintiff under the circumstances.

To avoid summary judgment, plaintiff must produce evidence "such that a reasonable jury could return a verdict" for him. *Reed v. City of St. Charles, Mo.*, 561 F.3d 788, 791 (8th Cir. 2009) (quoting *Anderson*, 477 U.S. 248). Plaintiff has produced no such evidence here. His conspiracy theories and baseless allegations do not suffice to defeat defendant's motion. Much of plaintiff's facts are apparently based on previously "repressed memories" that are entirely suspect. This Court "is not required to accept unreasonable inferences or sheer speculation as fact." *Id.* (internal quotation omitted). For all those reasons, defendant's motion for summary judgment will be granted.

9

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to amend [#85] and plaintiff's motion to compel [#95] are DENIED in accordance with this Memorandum and the Memorandum and Order filed January 15, 2020.

IT IS FURTHER ORDERED that plaintiff's motions regarding the depositions of two witnesses [#105, #116] are DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to compel Barnes Jewish Hospital [#114] is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to compel defendant [#120] is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to amend his summary judgment response [#124] is GRANTED.

IT IS FURTHER ORDERED that defendant's motion to strike plaintiff's surreply [#126] is DENIED.

IT IS FINALLY ORDERED that defendant's motion for summary judgment [#91] is GRANTED.

Dated this __16th__ day of July, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE